**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Eugene RICKETTS,**
**Defendant–Appellant.**

No. 03–2142.

United States Court of Appeals,
Sixth Circuit.

Sept. 16, 2004.

John C. Bruha, U.S. Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

David Eugene Ricketts, Lewisburg, PA, pro se.

Before SUTTON and COOK, Circuit Judges; and ALDRICH, District Judge.*

## ORDER

David Eugene Ricketts, a federal prisoner proceeding without benefit of counsel, appeals a district court judgment denying his motion for a new trial filed pursuant to Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal grand jury returned a five-count indictment against Ricketts charging him with conspiring to distribute various controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1), the use of a sawed-off shotgun in relation to a drug conspiracy in violation of 18 U.S.C. § 924(c), murder in connection with a drug conspiracy in violation of 18 U.S.C. § 924(i) [now codified as 924(j)], and possession of sawed-off shotguns in violation of 18 U.S.C. § 5861(d). He was also charged with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g). In August 2000, a jury found Ricketts guilty on all five counts. The trial court sentenced Ricketts to two consecutive life terms, plus ten years, along with two concurrent ten-year sentences. This court affirmed Ricketts's judgment of conviction and sentence. *United States v. Ricketts,* 317 F.3d 540 (6th Cir.), *cert. denied,* 538 U.S. 991, 123 S.Ct. 1811, 155 L.Ed.2d 689 *and* 539 U.S. 935, 123 S.Ct. 2593, 156 L.Ed.2d 618 (2003).

On July 10, 2003, Ricketts moved the district court pro se for a new trial citing "newly discovered evidence." The newly discovered evidence had to do with the testimony of an accomplice (Michael McKinney) whose trial testimony contradicted the testimony he gave before the grand jury. McKinney testified before the grand jury as to his involvement in collecting a drug debt owed to Ricketts and in the shooting that resulted in the death of Laurie Briggs. At Ricketts's trial, however, McKinney testified that he was not present at the shooting and did not know who killed Laurie Briggs. After Ricketts was prosecuted and convicted, McKinney was prosecuted for giving conflicting testimony under oath. At sentencing for McKinney, the district court granted a downward departure and accepted, for sentencing purposes, that "McKinney deliberately chose lying before the Grand Jury to help consummate a decision to plead guilty to [a state charge of] second degree murder where he maintained his innocence to the attorney at the time he entered his plea." Ricketts claimed that he should be granted a new trial based on the subsequent prosecution and sentencing of McKinney for giving conflicting testimony under oath in connection with his prose-

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

cution. The district court denied the motion for a new trial. Ricketts appeals that judgment.

On appeal, Ricketts contends that the district court applied the wrong legal standard in denying his motion for a new trial, and that he should have been granted a new trial based on Michael McKinney's subsequent prosecution for perjury and the district court's finding that McKinney lied to the grand jury.

Motions for new trial based on newly discovered evidence are disfavored, and a trial court's decision not to grant a new trial will be affirmed unless it is a clear abuse of discretion. *United States v. Willis*, 257 F.3d 636, 642 (6th Cir.2001); *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir.1995); *United States v. Hawkins*, 969 F.2d 169, 175 (6th Cir.1992). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, *Harrison v. Metro. Gov't*, 80 F.3d 1107, 1112–13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). Whether the proper legal standard was applied, however, is a legal question that this court reviews de novo. *Willis*, 257 F.3d at 642.

Upon review, we conclude that the district court applied the correct legal standard for deciding Ricketts's motion for a new trial. Ricketts argues that the district court should have applied the legal standard first adopted by this court in *Gordon v. United States*, 178 F.2d 896, 900 (6th Cir.1949) ("*Gordon*" standard), instead of the legal standard enunciated in *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir.1982) ("*Barlow*" standard). Ricketts's reliance on the *Gordon* standard is misplaced. The *Gordon* standard is the appropriate test to apply in the unique circumstances where a material witness testifying on behalf of the government later recants his trial testimony. *Willis*, 257 F.3d at 643. The *Gordon* standard is not the appropriate standard in the immediate case because the witness in question, Michael McKinney, has not recanted his trial testimony.

Therefore, the district court properly applied the traditional, four-part test evaluating motions for a new trial based on newly discovered evidence as set forth in *Barlow*. *See Willis*, 257 F.3d at 643. Pursuant to the *Barlow* standard and Fed. R.Crim.P. 33, a new trial motion will be granted based on newly discovered evidence only if the defendant can prove that the evidence was: 1) discovered only after trial; 2) could not have been discovered earlier with due diligence; 3) is material and not merely cumulative or impeaching; and 4) would likely produce an acquittal if the case were retried. *Barlow*, 693 F.2d at 966. Our cases firmly establish that if a defendant is aware of the evidence at the time of trial, then it is not newly discovered evidence under Rule 33. *Pierce*, 62 F.3d at 824–25; *Hawkins*, 969 F.2d at 175; *United States v. Seago*, 930 F.2d 482, 488–89 (6th Cir.1991).

The district court did not abuse its discretion in denying the motion for a new trial. The evidence upon which Ricketts relies is not newly discovered evidence under Rule 33 because he was aware of the evidence at the time of his trial. Ricketts relies on the contradictory testimony of McKinney. The record reveals that McKinney acknowledged the discrepancy between his trial testimony and grand jury testimony during trial. Thus, Ricketts fails the first prong of the *Barlow* test. The government and Ricketts both made closing arguments that pointed out McKinney's contradictory stories, and the jury was able to fully weigh and assess McKinney's stories. The jury chose to disregard McKinney's trial testimony, and Ricketts

cannot prove that evidence of McKinney's contradictory testimony would likely produce an acquittal if the case were retried. Thus, Ricketts fails the fourth prong of the *Barlow* test.

Furthermore, the district court's findings with respect to Michael McKinney at his sentencing do not constitute newly discovered evidence under Rule 33. Ricketts contends that the district court's downward sentencing departure and finding that "McKinney deliberately chose lying before the Grand Jury to help consummate a decision to plead guilty to [a state charge of] second degree murder where he maintained his innocence to the attorney at the time he entered his plea" constitutes newly discovered evidence. His contention is unavailing. There was no judicial finding as to when McKinney committed perjury. McKinney was prosecuted for giving conflicting testimony under oath, *see* 18 U.S.C. § 1623(c), and he pleaded guilty to the charge. At his guilty plea hearing, McKinney was only asked of he testified differently before the grand jury than he did at Ricketts's trial. McKinney was not asked under oath, which testimony was false, and the court made no finding as to which testimony was false. Rather, the district court merely accepted, for sentencing purposes, that McKinney lied to the grand jury.

Accordingly, the district court's judgment denying Ricketts's motion for a new trial does not constitute an abuse of discretion and is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.